UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gina Ferguson,<br><br>             Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>             Defendants. | Civil Action No.: 1:15-cv-08891<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Gina Ferguson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Gina Ferguson ("Plaintiff"), is an adult individual residing in Justice, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

7. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to Best Buy (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Portfolio Engages in Harassment and Abusive Tactics**

12. On or about October 27, 2014, Portfolio contacted Plaintiff's fiancé, Roy Bergunder, in an attempt to collect the Debt from Plaintiff.

13. Portfolio disclosed to Mr. Bergunder that the call was an attempt to collect the Debt and demanded that he make a payment.

14. This call caused Plaintiff a great deal of stress and embarrassment.

C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear,

frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with a third party regarding the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

24. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

25. Portfolio Recovery Associates, L.L.C., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

26. Defendants' conduct violated 225 ILCS 425/9(a)(17) in that Defendants disclosed

information relating to Plaintiff's indebtedness to a third party.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act.

28. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
## 815 ILCS 505, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. The acts, practices and conduct engaged in by Defendants and complained of herein constitute "unfair acts and practices" within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

31. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of 815 ILCS 505/2.

32. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

33. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. All available damages pursuant to 225 ILCS 425/1;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 6, 2015

                              Respectfully submitted,

                              By /s/ *Sergei Lemberg*

                              Sergei Lemberg, Esq.
                              LEMBERG LAW, L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile: (203) 653-3424
                              Attorney for Plaintiff